UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANDREW JASKOLKA, | ) | CASE NO. 1:11 CV 783 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| J. EIKENS, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

  On April 21, 2011, Plaintiff *pro se* Andrew Jaskolka filed this *in forma pauperis* action against the following Defendants: City of Lakewood Police Officer J. Eikens, City of Lakewood Police Dispatcher B. Lahowe, City of Lakewood Police Shift Supervisor, Lakewood High School House 2 Attendance, Lakewood High School Truancy Officer Mr. Sargento, Lakewood High School House 1 Principal Y. Badat, City of Lakewood, Ohio, City of Lakewood Police Department, and City of Lakewood Board of Education.

  The Complaint alleges that in June 2010, Plaintiff, the custodial parent of his 17 year old daughter, Jessica, received a call from his daughter's mother while he was at the laundromat. The mother, Kimberly Burks, told Plaintiff she was going to pick up Jessica at Plaintiff's house in Lakewood. Plaintiff called the Lakewood Police via 911 to have an officer sent to the house, but the police dispatcher declined the request on the ground that it was not an emergency.. Plaintiff drove to his house and his daughter was no longer there. He called the Lakewood Police again, and after arguing and pleading with the dispatcher, a police officer came to the house. The officer, Defendant Elkins, advised Plaintiff that the matter was civil in nature, and that Plaintiff should contact Juvenile Court. In the following days, Plaintiff contacted Officer Elkins several times about the matter, and also spoke with a Supervising Officer. Both continued to advise him to contact Juvenile Court.

Beginning in October 2010, Plaintiff was contacted on several occasions by persons from Lakewood High School, concerning truancy of his daughter and about the fact she was sent home in March 2011 for inappropriate clothing.  At some point, the records at Lakewood High School were modified to reflect she had moved to a Lakewood residence different from Plaintiff's, even though Plaintiff was the custodial parent.

Plaintiff asserts the above events constitute discrimination by Defendants against him based on gender, in violation of his constitutional right to equal and fair protection of the law.  He seeks monetary relief and an order requiring the City of Lakewood Police to form a unit for training and education in Family Law.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders naked

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* Even liberally construed, the Complaint does not contain allegations reasonably suggesting plaintiff might have a valid claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

July 19, 2011